Case 4:26-cv-00836   Document 6   Filed 03/13/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ORLANDO BUBAIRE PRIN,** | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-cv-00836 |
| **MARTIN FRINK,** *et al.*, | § § § | |
| Respondents. | § § | |

**ORDER**

Before the Court is Petitioner Orlando Bubaire Prin's Petition for Habeas Corpus (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

**I.    BACKGROUND**

Respondents did not dispute the following facts. Petitioner is a non-citizen who entered the United States without inspection in 2021. ECF No. 1 at 2. After initial entry, he was taken into immigration custody. *Id.* at 2. Immigration authorities then released Petitioner on his own recognizance subject to certain conditions, including regular reporting requirements with Immigrations and Customs Enforcement (ICE). *Id.*

While released, Petitioner complied with all conditions. *Id.* at 2, 13. Nonetheless, Respondents re-detained Petitioner at a routine ICE check-in appointment. *Id.* at 3-4. He remains

in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

Petitioner's re-detention causes severe harm. Petitioner's wife and two children are struggling financially without their father's income. Petitioner is unable to assist with his relief application while in custody. ECF No. 1 at ¶ 17.

II.     ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address the additional reasons that Petitioner believes his continued detention is unlawful.

The Court recently addressed a highly similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

III.    RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 72 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 17, 2026,** informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before March 27, 2026.**

Signed at Houston, Texas on March 13, 2026.

_____
Keith P. Ellison
United States District Judge